# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:18-cr-00186 |
| | ) | |
| | ) | JUDGE CAMPBELL |
| JOEY FAUGHT | ) | |

## MEMORANDUM

Pending before the Court is Defendant's motion to dismiss the indictment pursuant to the Interstate Agreement on Detainers ("IAD"). (Doc. No. 56, 57). The Government filed a response in opposition (Doc. No. 62), and Defendant filed a reply (Doc. No. 63). Defendant has filed several exhibits in support of the motion. (Exhibits 1-3 Doc. No. 57; Exhibits 4-8, Doc. No. 63; Signed Declaration, Doc. No. 64).

### I.     BACKGROUND

On January 9, 2018, Defendant was arrested and charged in state court in Davidson County, Tennessee, with being a felon in possession of a handgun and criminal trespass. (*See* State Arrest Affidavits, Doc. No. 57-1). At the time of his arrest, Defendant was on supervised probation for an earlier conviction for felon in possession of a firearm. (*See* Doc. No. 57-2). As a result of the new arrest, on January 31, 2018, Defendant's probation was revoked and he started serving his state sentence for the earlier conviction at the Core Civic facility in Nashville, Tennessee.

On August 1, 2018, eight months after his arrest, the United States indicted Defendant for being a previously convicted felon in possession of a firearm. (Doc. No. 1). An arrest warrant was issued the same day (Doc. No. 3), and a detainer issued two days later (Detainer, August 3, 2018,

Doc. No. 57-3). On November 19, 2018, the United States moved for, and the magistrate judge granted, a writ of habeas corpus ad prosequendum. (Doc. No. 4, 5).

Defendant states that his case manager notified him about the detainer, and although he asked for information about how to be transferred to federal custody to address the charges, she did not provide him with any information about how to do so. (Faught Decl., Doc. No. 64-1). He states that no one informed him about the Interstate Agreement on Detainers or any related rights or procedures. (*Id.*).

On February 26, 2019, Defendant sent a letter to the Clerk of Court. (*See* Doc. No. 6 (received and docketed Mar. 1, 2019)). He wrote:

> Dear Court Clerk,
>
> My name is Joey Faught, OCA # 394948, I am currently incarcerated at Core Civic Located at 5115 Harding Place, Nashville TN 37211.
>
> The purpose of writing this letter is to obtain a copy of the writ of habeas corpus that was filed on my behalf. Unfortunately, I don't have assistance of counsel and I am trying to have the U.S. Marshal transport me to a federal facility so that I can begin serving my federal time.
>
> I would like to know what paperwork I must file to expedite my transportation, as well as how I can amend my writ of habeas corpus because it has the wrong address for where I'm currently being held. Thank you!
>
> Sincerely,
> Joey Faught

Approximately six months later, on July 30, 2019, Defendant was transported to federal custody, arraigned, and waived a detention hearing. (Doc. Nos. 9, 10). Less than a week later, on August 5, 2019, the jury trial in this case was set for October 9, 2019. (*See* Doc. No. 14). On September 9, 2019, the Court held a status conference at which Counsel for Defendant requested a continuance of the trial to allow additional time to review discovery materials. (*See* Doc. No. 16, 18). Defendant signed a waiver of speedy trial rights that stated, "I hereby consent to having my

case continued for trial until a later date, and in so doing waiver [sic] any rights I may have under the Speedy Trial Act and the Plan for Prompt Disposition of Criminal Cases." (Doc. No. 17). The Court found that a continuance was reasonable and in the interests of justice and continued the trial to February 4, 2020. (Doc. No. 18).

Defendant states that his attorney did not inform him about his rights under the IAD. (Faught Decl., Doc. No. 64-1, ¶ 8). Although he does not dispute that he waived his rights under the Speedy Trial Act and did not want to go to trial on the scheduled date, he claims that, had he been informed, he would have preserved his speedy trial rights under the IAD. (*Id.*).

Approximately one month before the February 2020 trial date, counsel for Defendant moved to continue the trial to allow time for further investigation and to determine whether to file a motion to suppress evidence. (*See* Def. Motion to Continue, Doc. No. 19). Counsel for Defendant stated that she had "discussed the trial date with Mr. Faught, who concurs in the request to continue this matter and extend the pretrial motion deadline" and that they "have discussed his speedy trial rights, and Mr. Faught has reviewed and signed a speedy trial waiver." (*Id.* at 2; Waiver, Doc. No. 20). Counsel for Defendant requested until February 6, 2020, to file a motion to suppress and requested a trial date in May or June 2020. (Doc. No. 19 at 2-3). The Court granted Defendant's motion to continue the trial and set the trial for May 26, 2020. (*Id.* at 21).

Defendant filed a motion to suppress on February 6, 2020. (Doc. No. 22). The Court scheduled a hearing on the motion for April 2, 2020. (Doc. No. 24). The proceedings were thereafter delayed – both the motion hearing and the trial – due to the COVID-19 pandemic.[1]

---

[1] On March 16, 2020, the Court implemented Administrative Order 209, which limited most in-court proceedings and suspended federal jury trials. Admin. Order 209 (March 16, 2020). The Administrative Order has been amended ten times, currently extending the suspension of most jury trials through February 28, 2021. *See* Admin. Order 209 (tenth amended, Jan. 12, 2021).

3

A hearing on the motion to suppress was held on December 10, 2020. (Doc. No. 53). The motion remains pending based on the parties requests to file supplemental briefing following the hearing. (Doc. No. 55).

On December 17, 2020, Defendant filed a motion to dismiss the Indictment asserting that the failure to hold the trial in this case within the time periods prescribed by the Interstate Agreement on Detainers violates his rights under that agreement and requires dismissal of the charges in this case.

## II. ANALYSIS

The Interstate Agreement on Detainers ("IAD") "is a compact entered into by 48 States, the United States, and the District of Columbia, to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). The federal statute, 18 U.S.C. § 2, has been implemented by Tennessee. *See* Tenn. Code Ann. § 40-31-101. Relevant to the current motion, the IAD contains two separate provisions regarding the time within which a Defendant must be brought to trial. The first provides that a Defendant must be brought to trial within 180 days after the prosecutor receives a request for "disposition" of the charges. 18 U.S.C. § 2, Article III. The second timeliness requirement is that a Defendant be brought to trial within 120 days of his or her arrival in the receiving jurisdiction. 18 U.S.C. § 2, Article IV.

Defendant claims both of these speedy trial provisions have been violated and seeks to dismiss the indictment on that basis.

**A. Article III(a)**

Article III(a) of the IAD provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance

4

> of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner

Article III(a), 18 U.S.C. § 2; Tenn. Code Ann. § 40-31-101.

By its terms, Article III requires notice to the prosecutor and the court of the defendants "request for final disposition" of the indictment and states that the request for final disposition must be accompanied by a certificate from the official having custody of the prisoner that provides specified information regarding the details of confinement. Defendant contends that his letter to the Clerk of Court was a request for final disposition of his federal charges that triggered the 180-day clock for disposition of his charges in this case and that the requirement for a certificate from the warden must be excused because provision of the certificate was not within Defendant's control.

The Government argues that even if failure to comply with the formalities of the IAD is excused, Defendant's letter requested clerical information, not "final disposition" of the charges, and was insufficient to trigger the 180-day speedy trial clock.

Defendant's failure to comply with the certification requirement may be excused in appropriate circumstances. *See United States v. White*, 185 Fed. App'x 504, 507-08 (6th Cir. 2006) ("When the prisoner has done everything possible to comply with the IAD, and it is the custodial

5

state that is responsible for the prisoner's default, then strict compliance with the IAD may not be required.") (quoting *Norton v. Parke*, 892 F.2d 476, 481 (6th Cir. 1989)). However, the defendant must nevertheless substantially comply with the requirements of Article III, which requires, at a minimum, that Defendant notify the prosecuting authority of his speedy trial request. *Id*. at 509. Courts have consistently held that an indictment should not be dismissed based on the speedy trial provision in Article III, when the prosecuting officer did not receive notice of the defendants request for speedy trial. *See e.g. White*, 185 F. App'x 504, 509 (6th Cir. 2006) (finding that it would be unfair to penalize the Government when it did not have notice of the defendant's speedy trial request); *Fex v. Michigan*, 507 U.S. 43, 51 (1993) (holding that the 180-day period under the IAD does not commence until the prosecutor has received the prisoner's request for final disposition); *United States v. Aldridge*, 85 F.3d 629 (6th Cir. 1996).

      Here, there is no dispute that the Government received a copy of Defendant's letter addressed to the Clerk of Court when that letter was docketed on March 1, 2019. However, the content of the letter cannot reasonably be construed as demanding a speedy disposition of the federal charges.[2] In the letter, Defendant clearly stated, "The purpose of writing this letter is to obtain a copy of the writ of habeas corpus that was filed on my behalf." (*See* Doc. No. 6). In addition, he requested to know what paperwork he needed to file to expedite his transportation to a federal facility so he could begin serving "federal time," and he informed the clerk that the writ of habeas corpus had the wrong address. (*Id*.). These clerical requests were insufficient to place the Government on notice that Defendant desired a speedy trial. *See e.g. White*, 185 Fed. App'x at

---

[2]     The Court notes that this motion is the first time Defendant has expressed a desire to have his case tried expeditiously. In fact, Defendant moved to continue the trial again on December 29, 2020, noting that the motion to suppress remains pending and that any delay related to the motion, including consideration of supplemental filings, is excluded under the Speedy Trial Act. (*See* Doc. No. 59). In that motion, Defendant expressly declined to waive any rights under the IAD. (*Id*. at 2).

506, 509 (letter to clerk asking about "procedures to 'defend against these illegal, unfounded and unsupported accusations/charges'" was not a request for speedy trial); *compare with United States v. Mauro*, 436 U.S. 340, 365 (1978) (trial was continued five times at the request of the Government and the defendant "persistently requested that he be given a speedy trial"); *Schofs v. Warden*, 509 F. Supp. 78, 82 (E.D. Ky. 1981) (petitioner's letters to the clerk and State attorney requesting trial as expeditiously as possible, one of which specifically referenced the IAD and Speedy Trial Act, satisfied the requirements of the IAD).

Because Defendant's letter did not request final disposition of the indictment, the 180-day speedy trial provision in Article III was not triggered, and dismissal of the Indictment on this basis is not warranted.

**B. Article IV(c)**

Defendant argues even if his letter did not trigger the 180-day provision of Article III, under Article IV(c), his trial should have commenced within 120-day of his transfer to federal custody.

Article IV(c) provides:

> In respect of any proceeding made possible by this article, trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuances.

Article IV(c), 18 U.S.C. § 2; Tenn. Code Ann. § 40-31-101.

Defendant acknowledges that he requested continuances of the trial date and waived his right to speedy trial in writing, but argues that neither the requests for continuance, nor the speedy trial waiver waived his right to trial within 120-days under the IAD. Defendant contends that he did not know about his rights under the IAD and could not have knowingly and voluntarily waive those rights IAD. He notes that the speedy trial waiver only mentions his rights under the Speedy Trial Act. Defendant also argues that the second continuance, which continued the trial from

7

February 4, 2020, to May 26, 2020, was not made in "open court" in the presence of defendant or his attorney.

The Government argues that defendant's affirmative requests to continue the trial date constitute a waiver of his right to a speedy trial under Article IV(c). The Court agrees.

The Supreme Court had held that when counsel for a defendant agrees to a trial date beyond the time prescribed by the IAD, the defendant waives any argument that the requested continuance violates his right to a speedy trial. *See New York v. Hill*, 528 U.S. 110, 115-118 (2000). The Court dispensed with the argument that such a waiver requires the defendant's informed consent, reasoning that trial scheduling matters, like many other decisions pertaining to the conduct of the trial, are matters of attorney discretion. *Id*. at 115 (noting that "only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case … [and] whether the defense would even be prepared to proceed any earlier").

The Sixth Circuit has also held that it is not necessary for a defendant to expressly understand his speedy trial rights under the IAD for those rights to be waived through the actions of counsel. *See U.S. v. Eaddy*, 595 F.2d 341, 344 (6th Cir. 1979) ("the substantive rights accorded to a prisoner under Article IV may be waived, even though the prisoner is not aware of those rights, where there is an affirmative request to be treated in a manner contrary to the procedures prescribed by Article IV(c)…") (citations omitted).

Every continuance in this case was granted upon the motion of Defendant through counsel. To recap, in this case, the trial was originally set for October 8, 2019 – well within the 120-day deadline. (*See* Doc. No. 14). At a hearing on September 9, 2019, Defendant stated that he needed additional time to review discovery materials and requested a continuance of the October 8, 2019 trial date. The Court continued the trial to February 4, 2020. The Court specifically found that the

8

continuance was in the "interest of justice" and "reasonable and excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq*." (Doc. No. 18 at 1). Defendant signed a waiver of speedy trial, which stated, in part, "[I] have further been advised that my case is currently set for trial on October 8, 2019, and that I may have my case tried by that date if I desire." (Doc. No. 17).

The second continuance was also made at Defendant's request. On this occasion, Defense counsel requested a continuance of a specific duration to allow time to file a motion to suppress. (*See* Doc. No. 19). Again, Defendant signed a speedy trial waiver acknowledging that he could have his case tried on February 4, 2020, if he so chose. (*See* Doc. No. 20). Defendant has requested and been granted additional continuance of the trial date to allow hearing and consideration of his motion to suppress. (*See* Doc. Nos. 31, 38, 61).

Because Defendant requested continuance of the trial date – a request inconsistent with assertion of speedy trial rights under the IAD, he has waived those rights. As stated above, the fact that Defendant was not aware of separate speedy trial rights under the IAD is of no consequence. Notably, Defendant does not argue that the continuances were unnecessary or otherwise not for good cause. Nor has defendant argued that requesting continuance of the trial beyond the deadline set in the IAD constituted ineffective assistance of counsel. The Court need not decide whether the speedy trial waivers are themselves sufficient to waive his speedy trial rights under the IAD because the requested delays in the trial date were – in every instance – in response to Defendant's affirmative requests.

The fact that the continuance of the February 4, 2020, trial date did not literally comply with the procedural requirements of Article IV(c) because it was not made in "open court" in the presence of Defendant or counsel does not negate the effect of the affirmative request for relief inconsistent with his right to a speedy trial. First, the Sixth Circuit does not always require literal

9

compliance with the procedural requirements of Article IV(c) when it is the defendant, rather than the prosecution, who requests the continuance. *See United States v. Crozier*, 259 F.3d 503 (6th Cir. 2001). The *Crozier* court held that, though literal compliance with the procedural requirements of Article IV(c) is not always required, when a putative violation of Article IV(c) occurs, the court "has an obligation to scrutinize each continuance request made by a defendant to determine whether or not the request amounted to a waiver of the procedural and substantive rights guaranteed by that provision." *Id*. at 515.

The continuance at issue in this case was made under quite different circumstances than that in *Crozier* and the court finds that, here, Defendant waived his right to a speedy trial under the IAD. In *Crozier*, the court found that the defendant had not waived his rights under the IAD when he requested a continuance of indeterminate length, the continuance was neither made nor granted in open court, and there was no evidence in the record that a three-month continuance was necessary or reasonable. *Id*. at 514-516.

Considering Defendant's motion to continue the February 4, 2020, trial date (Doc. No. 19), there is no question that the Defendant, even if unaware of his specific rights under the IAD, was aware that he had a right to a speedy trial under the shorter deadline of the Speedy Trial Act because he filed a waiver to that effect. (*See* Doc. No. 20). Defendant's motion expressly states that defense counsel "discussed the trial date with Mr. Faught, who concurs in the request to continue this matter and extend the pretrial motion deadline" and that "Counsel and Mr. Faught have discussed his speedy trial rights, and Mr. Faught has reviewed and signed a speedy trial waiver." (Def. Motion to Continue, Doc. No. 19 at 2). In addition, unlike the defendant in *Crozier*, Defendant requested a continuance to a specific date for a specific purpose – to allow time for consideration of a motion to suppress. Although not granted in open court, the Court found that the continuance

was reasonable and in the interest of justice. (*See* Order, Doc. No. 21). The Court finds that, under the circumstances here, Defendant's request for a continuance amounted to a waiver of his right to speedy trial under Article IV(c).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss the indictment in this case will be **DENIED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE